PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant or Summons for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 34]

Name of Offender: <u>James Eldridge</u>          Case Number: <u>3:11-00016-01</u>

Name of Judicial Officer: <u>The Honorable R. Allen Edgar, U.S. District Judge, Eastern District of</u>

<u>Tennessee, transferred January 14, 2011, to The Honorable William J. Haynes, Jr., Chief U.S. District</u>

<u>Judge</u>

Date of Original Sentence: <u>July 14, 2008</u>

Original Offense: <u>Conspiracy to Distribute 100 Kilograms or More of Marijuana</u>

Original Sentence: <u>37 months' imprisonment and 4 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>          Date Supervision Commenced: <u>January 29, 2010</u>

Assistant U.S. Attorney: <u>Joseph A. Little</u>          Defense Attorney: <u>to be determined</u>

## PETITIONING THE COURT

☐ To issue a Summons.
☐ To issue a Warrant.
■ To Consider Additional Violations / Information.

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☑ Other *Consideration of additional*
*Violations*

I declare under penalty of perjury
that the foregoing is true and
correct. Respectfully submitted,

Considered this ___ day of __September__, 2013,
and made a part of the records in the above case.

_____
Jon R. Hahn
U.S. Probation Officer

_____
William J. Haynes, Jr.
Chief U. S. District Judge

Place          Columbia, TN

Date          September 26, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

<u>1.</u>

**The defendant shall not commit another federal, state, or local crime:**
On June 5, 2012, Chief Investigator Casey Cox, Cumberland County Sheriff's Department, Crossville, Tennessee, called and advised that on May 31, 2012, he was at the residence of James Eldridge, inquiring about some stolen television sets. Investigator Cox, stated there were between 20-25 burglaries in the general area, that he had one of the individuals in custody charged with some of the burglaries who admitted he sold the television sets to Mr. Eldridge. Officers were given a tour of the residence by Mr. Eldridge. No stolen merchandise was found, but officers observed blue pill shavings, a pill crusher, and a straw in a waste can. Mr. Eldridge pulled a pill bottle from behind a seat cushion with his name on it which contained 15 blue 10 milligram Oxycodone and 1 green 15 milligram Oxycodone pills.

On June 5, 2012, Investigator Cox called the Walgreens Pharmacy who sold Mr. Eldridge the prescription and advised the bottle had 180 Oxycodone pills, all 30 milligram each. This officer made contact with James Eldridge, who advised that he sold Lindsey Lowery two Oxycodone pills. Mr. Eldridge admits to selling her pills in the past. Mr. Eldridge purchased two Vizio television sets he believed to be stolen, on or about May 26, 2012, from Brian Melton and Darrin Hamby. He gave Mr. Melton 10 Oxycodone pills, 30 milligram, for a 40-50 inch television set and Mr. Hamby 2 Oxycodone pills, 30 milligram, for a 19-20 inch television set. Mr. Eldridge explained that 1 milligram of Oxycodone equals $1.00, therefore, he gave Mr. Melton $300 and Mr. Hamby $60. Mr. Eldridge still had possession of the two television sets and was agreeable to turn them over to the Sheriff's Department. Mr. Eldridge admits to selling pills to Mr. Melton in the past. Mr. Eldridge is prescribed 180 Oxycodone 30 milligram pills per month, equaling 6 per day.

<u>2.</u>

**The defendant shall not commit another federal, state, or local crime:**
On May 10, 2013, The Criminal Court of Cumberland County, Crossville, Tennessee, issued a failure to appear warrant for Possession of Oxycodone for Resale; Possession of Oxycodone for Delivery; Theft over $500.00; and Possession of Drug Paraphernalia; which is conduct alleged in violation number 1 above. The warrant orders Mr. Eldridge be held without bond upon his arrest, Case No. 13-0030.

<u>3.</u>

**The defendant shall refrain from any unlawful use of a controlled substance:**
On July 3, 2013, Mr. Eldridge provided a urine screen which tested positive for Methamphetamine and Oxycodone. He admits using Methamphetamine 2 days earlier and has a prescription for Oxycodone from April, 2013. A urine screen taken on July 8, 2013, was returned positive for Oxycodone. He has failed to respond to code-a-phone urine screens on July 26, 2013, August 2, 2013, and August 13, 2013.

4.  **The defendant shall refrain from any unlawful use of a controlled substance:**
    **Mr. Eldridge has failed to respond to code-a-phone urine screens on August 22, 2013, September 10, 2013, and September 23, 2013. A urine screen taken at his residence on September 19, 2013, was returned positive for Oxycodone and Methamphetamine.**

    **On August 27, 2013, this officer talked with Mr. Eldrige on why he missed his code-a-phone on August 22, 2013. He advised he did not have gas money to make the trip. On September 19, 2013, U.S. Probation Officer Amanda Russell obtained a copy of his Oxycodone prescription. The prescription was filled in Smithville, Tennessee, on August 22, 2013, 60 miles away from his residence, the same day he failed to respond to a code-a-phone urine screen.**

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Eldridge has been on supervised release for over two years. Mr. Eldridge was moved to the Compliant Caseload on July 5, 2011. On October 25, 2011, the Court was notified of a traffic violation. On the following dates, Mr. Eldridge has previously failed to respond to code-a-phone urine screens: April 4, 2013; April 19, 2013; and May 8, 2013.

**Update of Offender Characteristics:**
**Mr. Eldridge resides alone and is unemployed.**

**U.S. Probation Officer Recommendation:**

**It is respectfully requested that the additional violation number 4 be considered at the revocation hearing set for September 27, 2013, at 4:30 p.m.**

The U.S. Attorney's Office has been advised of the violations and the recommendation.

Approved: _____
W. Burton Putman
Supervisory U.S. Probation Officer

**GRADE OF VIOLATION:**     A
**CRIMINAL HISTORY:**     I

**ORIGINAL OFFENSE DATE:**     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | **3 years (Class B felony)** *18 U.S.C. § 3583(e)(3)* | **12-18 months** | **No recommendation** |
| **SUPERVISED RELEASE:** | **at least 4 years** | **at least 4 years minus any term of imprisonment** *18 U.S.C. 3583(h)* | **No recommendation** |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

Pursuant to 18 U.S.C. § 3583(g)(1), if the defendant possesses a controlled substance, the Court shall revoke the term of supervised release and require the defendant to serve a term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Pursuant to the Revocation Table located at U.S.S.G. § 7B1.4(a), a Grade A violation (1), with a Criminal History Category of I results in a 12 to 18 months' custody range. Upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

Jon R. Hahn
U.S. Probation Officer

Approved: 

W. Burton Putman
Supervisory U.S. Probation Officer

Offender's Address
James Eldridge
2023 Sparta Highway
Inn of the Cumberland, Room 143
Crossville, TN 38572

# VIOLATION WORKSHEET

1. **Defendant** James Eldridge

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:11CR00016 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date**  $\underline{\quad 07 \quad}$ / $\underline{\quad 14 \quad}$ / $\underline{\quad 2008 \quad}$
   *month*  *day*  *year*

5. **Original District/Office** Eastern District of Tennessee
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*  1:07-146-012

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Sale of Drugs | A |
   | Failure to Appear in Court | C |
   | Drug Use | C |
   | | |
   | | |
   | | |
   | | |
   | | |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*   A

9. **Criminal History Category** *(see §7B1.4(a))*   I

10. **Range of Imprisonment** *(see §7B1.4(a))*   12 - 18 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box:)*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** James Eldridge

12.     **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent
confinement previously imposed in connection with the sentence for which revocation is
ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____     Community Confinement _____

Fine($)          _____     Home Detention          _____

Other            _____     Intermittent Confinement _____

13.     **Supervised Release**

If  probation is to be revoked, determine the length, if any, of the term of supervised release
according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the
maximum term of imprisonment imposable upon revocation, the defendant may, to the
extent permitted by law, be ordered to recommence supervised release upon release from
imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from at least 4 years less any term of
imprisonment:

14.     **Departure**

List aggravating and mitigating factors that may warrant a
sentence outside the applicable range of Imprisonment:

15.     **Official Detention Adjustment** (<u>see</u> §7B1.3(e)): _____ months _____ days